| GREGORY R. OXFORD (SBN 62333) | GREGORY F. COLEMAN (*pro hac vice*) |
|---|---|
| ISAACS CLOUSE CROSE & OXFORD LLP | GREG COLEMAN LAW PC |
| 21515 Hawthorne Boulevard, Suite 950 | First Tennessee Plaza |
| Torrance, California 90503 | 800 S. Gay Street, Suite 1100 |
| Telephone: (310) 316-1990 | Knoxville, TN 37929 |
| Facsimile: (310) 316-1330 | Telephone: (865) 247-0080 |
| goxford@icclawfirm.com | Facsimile: (865) 522-0049 |
| | greg@gregcolemanlaw.com |

*Attorneys for Defendant
General Motors LLC*

[Additional counsel on signature page]

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN HINDSMAN, JAMES ANDREWS, ROBIN PETERSON, DIANA MIRANDA, and VANESSA MARYANSKI on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:17-cv-5337-JSC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date: March 22, 2018<br>Time: 9:00 a.m.<br>Courtroom F<br>Honorable Jacqueline Scott Corley |

Counsel for the above-captioned Plaintiffs and Defendant General Motors LLC ("GM") respectfully submit this Joint Case Management Conference Statement and Proposed Order, in accordance with Fed. R. Civ. P 26(f), Civil Local Rule 16-9, and this Court's Standing Order for All Judges of the Northern District of California.

**1.  Jurisdiction and Service**

The First Amended Complaint served on GM asserts subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). In its pending motion to dismiss, GM argues that Plaintiffs lack standing to assert claims on behalf of members of the putative nationwide class who do

1

not reside and did not purchase vehicles in California and that the Court further lacks personal jurisdiction to adjudicate such claims against GM.

### 2. Relevant Factual Background

#### A. Summary of Plaintiffs' Allegations

GM designed, manufactured, distributed, marketed, sold and leased Model Year 2010-2017 Chevrolet Equinox vehicles with 2.4L engines to Plaintiffs and Class Members. However, before 2010, GM knew that the Class Vehicles contained one or more design, materials, or manufacturing defects in the Class Vehicles engines that cause them to improperly utilize the engine oil, and disproportionately burn off or consume abnormally high amounts of oil. The defect is primarily caused by defective piston rings, short piston skirts, oil jets, or a faulty PVC system. Exacerbating the engine damage problems and safety risks caused by the excessive oil loss is GM's use of a defective oil pressure warning system. In each Class Vehicle, the oil pressure warning system fails to advise drivers of insufficient oil in their vehicles and gives no notice of the low oil levels. Class Members only learn of the problems when the vehicle stalls or experience engine failure.

#### B. GM's Statement Regarding Plaintiffs' Allegation

A small percentage of model year 2010 through 2017 Equinoxes have experienced oil consumption issues due to piston ring wear, and such issues are covered by GM's powertrain warranty which provides free-of-charge piston replacements for five years or 100,000 miles, whichever comes first. Most typically, piston ring wear issues manifest in these vehicles when they are used for frequent short trips that do not allow engines to reach full operating temperatures. This condition was not seen in GM's extensive pre-production validation and durability testing, but was seen in post-production warranty data. A change in piston assemblies during model year 2013 production markedly reduced the number of piston replacements under warranty. In addition, GM beginning in 2015 issued Special Coverage Adjustments ("SCAs") that provide free-of-charge piston replacements for up to 120,000 miles for model year 2010 through 2012 Equinoxes.

For unknown reasons, the five plaintiffs in this case did not have their vehicles tested for oil consumption during the powertrain warranty period. One of the plaintiffs (Mr.

Hindsman) did have his vehicle tested during the SCA coverage period, but the test did not show excessive oil consumption; subsequently he claims to have added large amounts of oil between scheduled oil changes, but he has not requested a re-test. Another plaintiff (Ms. Maryanski) requested earlier this year that GM inspect her out-of-warranty vehicle; the inspection revealed no evidence of excessive oil consumption but instead found that an unrelated engine component (a timing chain guide) had broken in two and that the engine will require replacement and other repairs to restore its operability. A third plaintiff (Mr. Andrews) admittedly *refused* to allow a GM dealer to test his vehicle for oil consumption. The fourth plaintiff (Ms. Miranda) alleges that she experienced total engine failure after 91,000 odometer miles; GM has no evidence that this vehicle experienced excessive oil consumption, let alone that it was the cause of the alleged failure. The fifth plaintiff (Ms. Peterson) bought a new model year 2013 Equinox and was told by the dealership after a routine oil change that her vehicle was "burning oil" at 20,000 miles, but apparently she did not request an oil consumption test or repairs to address this condition under warranty. FAC, ¶ 46. At 100,000 miles, after another routine oil change, the dealer told her the vehicle was *not* burning oil, but instead that its oil level was low "because she used her vehicle more than the average driver. *Id.*, ¶ 47. She has driven her model year 2013 vehicle approximately 160,000 miles. *Id.*, ¶ 50.

GM denies that the oil pressure warning system is defective. It is not designed to directly measure or report oil *levels* but instead measures oil pressure and gives the driver *safety* warnings when low oil pressure may lead to imminent engine malfunctions and/or overheating. Oil consumption can be affected by many different factors, including particular drive cycles, atmospheric conditions (temperature, humidity, etc.), operating speeds and loads (cargo or towing). As explained in GM Owners Manuals, owners are responsible for monitoring engine oil levels by periodic "dipstick" checks and adding oil when indicated, and several of the plaintiffs allege that they have addressed oil consumption issues by doing so. *See* FAC, ¶¶ 30, 37, 49, 61.

GM believes that, in the interests of judicial economy and conservation of the parties' resources, plaintiffs' vehicles should be inspected, tested for oil consumption and, if eligible,

3

repaired free-of-charge as soon as possible under the SCAs. As plaintiffs note in their Opposition to GM's motion to dismiss (pp. 18-19 n. 10), a previous putative class action alleging excessive oil consumption in model year 2010-13 Equinoxes was resolved by GM and the plaintiffs in that case on a non-class basis after GM began announcing the SCAs that extend free repair coverage for piston ring wear issues beyond the powertrain warranty period. *See Parenteau v. General Motors LLC*, United States District Court for the Central District of California, No. CV 14-04961-RGK (MANx), ECF #50 (Sept. 17, 2015). Free-of-charge diagnosis and repairs remain available to the small percentage of eligible members of the alleged classes in this case who may experience piston ring wear issues.

### 3. Legal Issues

GM has raised the following disputed points of law, among others:

A. The First Amended Complaint should be dismissed under Rules 8(a)(2), 9(b), and 12(b)(6) for failure to state a claim upon which relief can be granted, as follows:

(1) Plaintiffs have failed to allege that they requested diagnosis and repair for oil consumption or piston ring wear issues during the powertrain warranty period, which is an essential element of their claims for breach of express warranty under the Magnuson Moss Act (First Cause of Action) and common law (Fifth Cause of Action).

(2) Plaintiffs have failed to plead particularized facts sufficient to support their claim that GM's 5.3 liter Vortec engine created an unreasonable safety hazard that GM knew about and had a pre-sale duty to disclose to Plaintiffs.

(3) Plaintiffs have failed to plead particularized facts to show that they relied on the alleged consumer protection act violations or allegedly "fraudulent omissions."

(4) Plaintiffs have failed to plead particularized facts showing affirmative acts of "concealment" by GM.

(5) Plaintiffs have failed to plead facts sufficient to plausibly show breach of the implied warranty of merchantability: (1) Plaintiffs Hindsman and Peterson have not pleaded that the alleged defect ever made their vehicle inoperable; (2) Plaintiffs Andrews, Miranda and Maryanski purchased used vehicles in transactions in which GM did not issue any implied warranty; and (3) the statute of

limitations (Cal. Coml. Code § 2725) bars the implied warranty claims of Plaintiffs Hindsman and Peterson

    B.      The California Plaintiffs lack standing to prosecute Magnuson Moss and common law claims based on alleged breach of express warranties under other states' laws to which they are not subject; thus, all such claims on behalf of out-of-state residents should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

    C.      The claims asserted against GM on behalf of members of the putative nationwide class who reside and purchased their vehicles outside the State of California should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction under *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017).

**4.    Motions**

Apart from the pending motion to dismiss, Plaintiffs currently anticipate moving for class certification and GM anticipates moving for summary judgment.

**5.    Amendment of Pleadings**

The Defendant proposes September 28, 2018 as the deadline for amending the pleadings. Plaintiffs propose to set this deadline consistent with the close of discovery, on May 15, 2019.

**6.    Evidence Preservation**

The Parties have instructed their clients regarding their evidence preservation obligations, have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

**7.    Disclosures**

The Parties exchanged their initial disclosures on March 1, 2018 and conducted the Rule 26(f) conference on March 9, 2018.

**8.    Discovery**

The Parties have not yet taken any discovery. The Parties intend to seek discovery in the form of document requests, interrogatories, requests for admissions, and/or depositions regarding issues pertinent to class certification, the merits of Plaintiffs' claims, and GM's defenses. GM also intends to request inspection and non-destructive testing of the remaining four Plaintiffs' vehicles pursuant to Rule 34.

In preparation for the private mediation that the Parties have agreed to conduct in approximately 90 days (*see* section 12 *infra*), GM intends to inspect the remaining four Plaintiffs' vehicles and request all Plaintiffs' maintenance records. Plaintiffs intend to seek limited document production in advance of the mediation, including without limitation GM warranty data and investigation concerning oil consumption in the subject vehicles. Unless the case resolves in mediation, the Parties intend to continue discovery in advance of the briefing and hearing on Plaintiffs' motion for class certification.

The Parties intend to submit a Stipulated Protective Order.

**9. Class Actions**

**A. Plaintiffs' Statement**

Plaintiffs will seek to have this case certified as a class action on behalf of a nationwide and a California class pursuant to Federal Rules of Civil Procedure ("Rule") 23(a), (b)(2), and/or (b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23 because the Defect exists in all class vehicles (defined as 2010 through 2017 model year Chevrolet Equinox vehicles equipped with a 2.4 liter engine). GM has not remediated the Defect as there are continuing reports of manifestations of the Defect on a daily basis. The means of proving the existence of the Defect, GM's knowledge of it, the engine damage caused when it manifests and the monetary damages suffered by the named Plaintiffs and the proposed Class Members are all subject to proof that would be common to the class and/or calculations that could be based on a formula applicable to all Class Members.

**B. GM's Statement**

GM will oppose class certification on the grounds inter alia that Plaintiffs cannot satisfy the commonality, typicality, predominance and superiority requirements of Rule 23. Only a small fraction of the model year 2010 through 2013 vehicles owned by Plaintiffs that are the subject of this action have experienced oil consumption issues; determining if such issues exist and, if so, the cause(s) would require inspection and testing of individual vehicles; and these issues may have already been corrected through design changes in production, through service parts, and/or by repairs

under GM's five-year, 100,000 mile powertrain warranty or under applicable SCAs. Separately, variations in state warranty laws preclude certification of a nationwide class.

**10.     Related Cases**

To the best of the Parties' knowledge, there are no other pending related cases.

**11.     Relief**

**A.     Plaintiffs' Statement**

Plaintiffs seek:

a)      An order certifying the proposed Class and Sub-Class and designating Plaintiffs as named representatives of the Classes and designating the undersigned as Class Counsel;

b)      A declaration that GM is financially responsible for notifying all Class Members about the defective nature of the Class Vehicles and their engines;

c)      An order enjoining GM from further deceptive distribution, sales, and lease practices with respect to their Class Vehicles; to remove and replace Plaintiffs' and Class Members' engines with a suitable alternative product; and repair all other damages to the Class Vehicles caused by the defective engines;

d)      A further order enjoining GM from the conduct alleged herein, including an order enjoining GM from concealing the existence of the Oil Consumption Defect during distribution, sales, and advertisements, as well as during customer and warranty service visits for the Class Vehicles;

e)      An award to Plaintiffs and Class Members of compensatory, actual, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

f)      A declaration that GM must disgorge, for the benefit of Plaintiffs and Class Members, all or part of the ill-gotten profits it received from the sale or lease of their Class Vehicles, or make full restitution to Plaintiffs and Class Members;

g)      An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5 and all other applicable laws;

h)      An award of pre-judgment and post-judgment interest, as provided by law;

i) Any and all remedies provided pursuant to the Song-Beverly Act, including California Civil Code § 1794;

j) Leave to amend the Complaint to conform to the evidence produced at trial;

k) A recall of all Class Vehicles; and

l) Such other relief as may be appropriate under the circumstances.

### B. GM's Statement

GM is not seeking any relief against Plaintiffs at this time except via its motion to dismiss.

### 12. Settlement and ADR

To date, the Parties in this case have not engaged in settlement negotiation or ADR efforts. The Parties, however, have selected private mediation through JAMS as their preferred ADR option and plan to schedule a mediation session within 90 days.

### 13. Consent to Magistrate Judge For All Purposes

The Parties have consented to the Magistrate Judge for all purposes.

### 14. Other Reference

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The Parties respectfully submit that it is premature to consider agreements to narrow issues for trial or to expedite the presentation of evidence at trial.

### 16. Expedited Trial Procedure

The Parties respectfully submit that this case is not appropriate for proceedings pursuant to the expedited trial procedure of General Order No. 64, Attachment A.

### 17. Scheduling

The Parties in Exhibit A attached hereto have set forth their proposed dates for the scheduling of discovery and briefing and hearing of Plaintiffs' motion for class certification, including discovery of any experts who will address class certification issues. The Parties respectfully submit that, pending the Court's ruling on class certification, it would be premature to set a discovery or dispositive motion cut-off or to set dates for a pretrial conference or trial.

**18. Trial**

Plaintiffs have demanded a trial by jury on all issues so triable. GM contends that Plaintiffs are not entitled to a jury trial on their claims for equitable relief (*e.g.*, injunction, restitution) or on their claims for pre-judgment and post-judgment interest, class certification, appointment of class counsel or an award of attorneys' fees, costs, and expenses. The Parties respectfully submit that it is premature to estimate an expected length of the trial.

**19. Disclosure of Non-Party Interested Entities or Persons**

The Parties have filed their Disclosures of Non-party Interested Entities or Persons.

**20. Other Matters**

The Parties do not believe any other matters are appropriate for discussion at this time.

**DATED:** March 15, 2018

s/ *Adam A. Edwards*
Gregory F. Coleman (*pro hac vice*)
Adam A. Edwards (*pro hac vice*)
Mark E. Silvey (*pro hac vice*)
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
greg@gregcolemanlaw.com
adam@gregcolemanlaw.com
mark@gregcolemanlaw.com

Robert Ahdoot, SBN 172098
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
rahdoot@ahdootwolfson.com

Daniel K. Bryson *(pro hac vice)*
J. Hunter Bryson *(pro hac vice)*
**WHITFIELD BRYSON & MASON LLP**
900 W. Morgan St.
Raleigh, NC 27603
Telephone: 919-600-5000
Facsimile: 919-600-5035
Dan@wbmllp.com
Hunter@wbmllp.com

***Attorneys for Plaintiffs***

|   |   |
|---|---|
| 1 | s/ *Gregory R. Oxford* |
| 2 | Gregory R. Oxford (SBN 62333)<br>**ISAACS CLOUSE CROSE**<br>**& OXFORD LLP** |
| 3 | 21515 Hawthorne Boulevard, Suite 950<br>Torrance, California 90503 |
| 4 | Telephone: 310-316-1990<br>goxford@icclawfirm.com |
| 5 | |
| 6 | ***Attorneys for Defendant***<br>***General Motors LLC*** |

# EXHIBIT A

Plaintiffs respectfully propose the following Case Management Schedule:

| EVENT | DATE |
|---|---|
| Last day to file a motion to amend pleadings | Defendant proposes September 28, 2018. Plaintiffs propose May 15, 2019 |
| Deadline for the Parties to substantially complete their document productions | December 15, 2018 |
| Fact Discovery Cut-Off (pre-Class Certification Hearing) | May 15, 2019 |
| Motion for Class Certification and Plaintiffs' Rule 26(a)(2) Class Certification Expert Disclosures/Reports | July 15, 2019 |
| Opposition to Motion for Class Certification and GM's Rule 26(a)(2) Class Certification Expert Disclosures/Reports | August 30, 2019 |
| Reply in Support of Motion for Class Certification and Plaintiffs' Rebuttal Class Certification Expert Disclosures/Reports | October 15, 2019 |
| Hearing on Motion for Class Certification | To be determined by the Court |
| Opening Expert Reports | To be scheduled after ruling on class certification |
| Discovery Cut-Off (Merits) | To be scheduled after ruling on class certification |
| Last Day To File Dispositive Motions | To be scheduled after ruling on class certification |
| To be scheduled after ruling on class certification | To be scheduled after ruling on class certification |
| Expert Discovery Complete | To be scheduled after ruling on class certification |
| Last Day for the Hearing of Dispositive Motions | To be scheduled after ruling on class certification |
| Final Pretrial Conference | To be determined by the Court |
| Jury Trial | To be determined by the Court |

1

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE